## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 21-mc-10-GKF |
| | ) | |
| v. | ) | Case No. 21-mj-212-PJC |
| | ) | |
| JOSEPH KEEGAN HAAS, | ) | |
| | ) | |
| Defendant. | ) | |

## OBJECTION TO DETENTION ORDER AND MOTION TO
## SET CONDITIONS OF PRETRIAL RELEASE

COMES NOW the defendant, Joseph Keegan Haas (hereinafter Keegan Haas), by counsel, Clint James, in accordance with Rule 47, Fed. R. Crim. P. and 18 U.S.C.A. § 3145(b), and moves this Court to revoke the Order of the Honorable Paul J. Cleary, U.S. Magistrate Judge, entered on March 23, 2021 [Dkt. #12] for pretrial detention.

### RELEVANT FACTS

1. On March 19, 2021, Mr. Haas appeared for Arraignment before Judge Cleary. Mr. Haas entered a plea of not guilty and requested a detention hearing. The Court set the detention hearing for March 22, 2021, at 2:00 p.m. that was later moved to March 23, 2021.

2. Pretrial services conducted an interview with Mr. Haas and drafted a pretrial services report advising against Mr. Haas's release.

3. Judge Cleary conducted an evidentiary hearing held on March 23, 2201. At the completion of the hearing Judge Cleary found that Mr. Haas was a flight risk.

4. At the close of the hearing, Judge Cleary found Mr. Haas posed a risk of danger to the community due to the nature of the offense charged and his criminal history.

5. Mr. Haas respectfully submits that he presented ample evidence that he is not a danger to the community or a flight risk. Mr. Haas has a going business concern, a place to stay, assets in the Northern District, and friends who will ensure he will comply with conditions of pretrial release.

6. Undersigned counsel has obtained additional details and history regarding Mr. Haas' criminal history which add nuance that he is a model probationer and capable of complying with court-ordered conditions.

## ARGUMENT AND AUTHORITY

Because all people accused of a crime are considered innocent unless proven guilty, pretrial release should be denied only in "rare circumstances." United States v. Sanchez-Martinez, 2013 WL 3662871 (D. Col. 2013); United States v. Dany, 2013 WL 4119425 (N.D. Cal. 2013).

The Foreword to *The Judicial Officer's Reference on Alternatives to Detention and Conditions of Release: Monograph 110,* published by the Office of Probation and Pretrial Services of the Administrative Office of the United States Courts (April 2009), says:

> "The judicial officer is constantly challenged with striking a balance between honoring the rights of the accused and protecting the safety of the community. Former Chief Justice William H. Rehnquist reminded us in U.S. v. Salerno, 481 U.S. 739 (1987), that, as it relates to pretrial defendants, "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Pretrial services officers strive to assist judicial officers by identifying those defendants who can safely be released to the community pending trial with the least restrictive conditions necessary to assure court appearances and the safety of the community. It is the hope of the Criminal Law Committee of the Judicial Conference that this Monograph will be frequently referenced and that each alternative and/or combination of alternatives to detention will be carefully considered before any defendant is ordered detained."

The Bail Reform Act specifically provides that a person charged with an offense is to be released unless "detained under subsection (e) of this section." 18 U.S.C. § 3142(a)(4).  Pursuant to 18 U.S.C. § 3142(g):

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Respectfully, Mr. Haas submits that he successfully presented conditions that can protect the community and ensure his appearance in court.

## MR. HAAS SHOULD HAVE BEEN RELEASED ON CONDITIONS

Magistrate Cleary did not entertain any conditions that might secure his presence at court and protect the community. Instead, he focused on the nature of the offense. There was not sufficient consideration given to Mr. Haas's:

- Time in the community;

- That Mr. Haas has friends who will allow Mr. Haas to live with them;

- That Mr. Haas has a contracting company with open contracts and jobs pending in the Eastern and Northern Districts;

If released he will reside with a friend north of Claremore, Oklahoma. He will continue to run his remodeling business which is a successful and ongoing concern. He is willing to comply with any alternative conditions set by the Court including reporting, curfew, alcohol counseling, home detention, home incarceration, travel restrictions, drug testing, or any other condition(s) the Court finds necessary to assure the Court he will appear as required and not pose any danger to the safety of any other person or the community.

To wit, Mr. Haas perfect attendance for his previous court proceedings, including traveling 8 hours, each way, once a month for misdemeanor probation for a case in Okmulgee County.

## CONCLUSION AND REQUESTED RELIEF

Mr. Haas respectfully requests that the Court enter an Order vacating Judge Cleary's March 23, 2021, Order for Detention Pending Trial [Dkt. #12] and order conditions of release.

Respectfully submitted,

*s/ Clinton R. James*
Clinton R. James, OBA No. 31106
WYATT LAW OFFICE, PC
2121 S. Columbia Ave., Ste. 580
Tulsa, OK 74114
(918) 594-0000 Telephone
(918) 515-7897 Fax
E-mail: clintjames@wyattlaw.com
*Attorney for Keegan Haas*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2021, a true and correct copy of the foregoing Motion was sent via this court's electronic court filing system to:

Shannon Bears Cozzoni, shannon.cozzoni@usdoj.gov

Steven Briden, steven.briden@usdoj.gov

/s Clinton R. James
Clinton R. James